**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **BATARGA LLC** | |
| Plaintiff, | **Case No. 2:15-cv-1442** |
| v. | **PATENT CASE** |
| **L.L. BEAN, INC.** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Batarga LLC files this Complaint against L.L.Bean, Inc., for infringement of United States Patent No. 6,233,682.

## THE PARTIES

1.     Plaintiff Batarga LLC ("Batarga") is a Texas Limited Liability Company with its principal place of business at 3411 Preston Road, Suite C-109, Frisco, Texas 75034.

2.     Defendant L.L.Bean, Inc., ("Defendant") is a Maine Corporation with its principal place of business at 15 Casco St, Freeport, ME 04032.  Defendant's Registered Agent in the State of Maine is George S. Isaacson, PO Box 3070, Lewiston, ME 04343 3070.

3.     Defendant does business in this District through its website, llbean.com, which Defendant directs to residents of Texas, including those that reside within the Eastern District of Texas, as well as residents of other states across the United States.

## NATURE OF THE ACTION

4.     This is a civil action for infringement of United States Patent No. 6,233,682 (the '682 Patent), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has committed acts of infringement in the United States including offers for sale directed to this District, toward residents in this District and elsewhere in the State of Texas, and, therefore, Defendant is deemed to reside in this District for purposes of this action.

7.     This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in and directed toward the State of Texas, including in this district and/or has engaged in continuous and systematic activities in the State of Texas, including in this District.

**THE PATENT-IN-SUIT**

8.     The '682 Patent, entitled "Distribution of Musical Products by a Web Site Vendor of the Internet," was duly and legally issued by the United States Patent and Trademark Office on May 15, 2001.  A copy of the '682 Patent is attached hereto as Exhibit A.

9.     Batarga is the exclusive owner of all rights, title, and interest in the '682 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

**COUNT I: DIRECT INFRINGEMENT OF U.S. PATENT 6,233,682**

10.     Batarga incorporates paragraphs 1 through 9 by reference as if fully stated herein.

11.     The '682 Patent is valid and enforceable.

12.     Claim 12 of the '682 Patent protects:

"A method for distributing products of the Internet, comprising:

2

displaying a login screen on a video monitor that allows a user to

enter an unique identifier for accessing data-base information;

confirming the validity of the entered unique identifier; and

displaying a shopping list that lists items for purchase as selected

by said user, the listed items being in digital format suitable for

downloading to a user's computer connected to the Internet and

being in other media format suitable for shipping to said user."

13.     Defendant has directly infringed, and continues to directly infringe, at least Claim 12 of the '682 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by offering for sale on its website (llbean.com) gift cards in both digital and physical forms, thereby illegally using the patented method of distributing products over the Internet encompassed by the '682 Patent.

14.     Batarga has given Defendant notice of its infringement by virtue of service or acknowledged delivery of this complaint.

15.     Batarga has been and continues to be damaged by Defendant's infringement of the '682 Patent.

16.     Defendant's actions complained of herein are causing irreparable harm and damages to Batarga and will continue to do so unless and until Defendant is enjoined and restrained by the Court.

17.     Defendant's conduct in infringing the '682 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **JURY DEMAND**

18.     Plaintiff Batarga hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Batarga prays for judgment as follows:

A.      That Defendant has directly infringed one or more claims of the '682 Patent, either literally and/or under the doctrine of equivalents;

B.      That Defendant account for and pay all damages necessary to adequately compensate Batarga for infringement of the '682 Patent, such damages to be determined by a jury, and that such damages be  awarded to Batarga with pre-judgment and post-judgment interest;

D.      That Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the '682 Patent; or, in the alternative, judgment that Defendant account for and pay to Batarga an ongoing post-judgment royalty reflecting Defendant's deliberate continuing infringement;

E.      That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Batarga be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

F.      That Batarga be awarded such other and further relief as this Court deems just and proper.

DATED:  August 21, 2015

Respectfully submitted,


 /s/ David A. Bailey
David A. Bailey
State Bar of Texas No. 24078177

**LAW OFFICE OF DAVID BAILEY**
17330 Preston Rd. Suite 200D
Dallas, TX 75252
P: (972) 372-4235
F: (972) 372-0773
E: dbailey@lodb.net

***ATTORNEY FOR PLAINTIFF***